UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

------------------------------------------------------------ x

In re:                                                :
                                                      :        Chapter 13
KAREN L LITTLE-BENNETT,                                :
                                                      :        Case No.: 25-03995-5-JNC
                                  Debtor.              :
                                                      :
------------------------------------------------------------ x

## NOTICE OF MOTION

The party represented by counsel below has filed papers with the court to move the court for an order for relief from the automatic stay or for adequate protection.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the order for relief from stay, or if you want the court to consider your views on the motion, then on or before August 24, 2026, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

United States Bankruptcy Court
Post Office Box 791
Raleigh, NC 27602

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy:

Eudora F. S. Arthur
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601

Troy Staley
Trustee
PO Box 1618

WBD (US) v-

New Bern, NC 28563-1618

If a response and a request for hearing are filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: August 6, 2026                           WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Services, Inc. d/b/a GM Financial*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

```
-------------------------------------------------------- x
In re:                                                   :
                                                         :      Chapter 13
KAREN L LITTLE-BENNETT,                                   :
                                                         :      Case No.: 25-03995-5-JNC
                                     Debtor.             :
                                                         :
-------------------------------------------------------- x
```

## **MOTION FOR RELIEF FROM AUTOMATIC STAY**

Now comes AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Movant shows unto the court as follows:

1.     This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

2.     On October 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 to commence the above-referenced case (the "Chapter 13 Case").

3.     Movant is a secured creditor of Debtor as evidenced by that certain Promissory Note dated January 4, 2022 (the "Contract").  The Contract was secured by a 2021 Nissan Kicks, bearing Vehicle Identification Number 3N1CP5CV2ML471740 (the "Collateral").  A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4.      Movant has a perfected security interest in the Collateral, as noted on the face of the Certificate of Title for the Collateral (the "Certificate of Title").  A true and correct copy of the Certificate of Title is attached hereto as **Exhibit "B."**

5.      The outstanding balance owed to Movant relative to the Collateral as of the filing of this Motion is $19,647.41. The delinquency owed as of July 30, 2026 is $5,950.00. See Affidavit attached as **Exhibit "C."**

6.      Upon information and belief, as of the date of this Motion, the value of the Vehicle is approximately $13,250.00 according to JD Power Used Cars/Trucks Values (Clean Retail) (the "Valuation"). A true and accurate copy of the Valuation is attached hereto as **Exhibit "D."**

7.      Debtor's confirmed Amended Chapter 13 Plan (D.E. 31) (the "Plan") provides that the Trustee shall make payments to Movant.

8.      The account is past due for payments due September 28, 2025 through July 28, 2026, in the total amount of $5,950.00.

9.      The Collateral was repossessed on October 9, 2025. Movant was subsequently ordered to return the Vehicle; however, neither Debtor's counsel nor the Debtor have made an effort to retrieve the Vehicle. Movant currently holds possession of the Collateral.

## BASIS FOR RELIEF

Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)      for cause, including lack of adequate protection of an interest in property of such party in interest;

(2)　　with respect to a stay of an act against property under subsection (a) of this section, if

    (A)　　the debtor does not have an equity in such property; and

    (B)　　such property is not necessary to an effective reorganization;

11 .S.C. § 362(d).

As a result of the Debtor's failure to pay Movant's claim pursuant to the Contract, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of Movant's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization as evidenced by the Debtor's failure to retrieve the Vehicle.

Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization, as evidenced by the Debtor's failure to retrieve the Vehicle.

If Movant is not granted relief from the automatic stay and permitted to liquidate the Vehicle, then Movant will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the fourteen-day stay imposed by Rule 4001(a)(3) such that the order granting relief from the automatic stay will be effective upon entry by the Court.

A proposed order granting the Motion is attached hereto as **Exhibit "E."**

WHEREFORE, GM Financial prays for the Court to grant the following relief:

1.　　To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow GM Financial to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.      To award GM Financial reimbursement of its attorneys' fees and costs to the extent recoverable under the Contract, applicable law, and any allowed claim; and

3.      To grant such other and further relief as the court deems just and appropriate.

Dated:  August 6, 2026                    WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Services, Inc. d/b/a GM Financial*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify: That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

> Karen L Little-Bennett
> 524 W. New Hope Road, Apt A6
> Goldsboro, NC 27534
> *Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

> Robert E. Fuller, Jr.
> *Attorney for Debtor*
>
> Troy Staley
> *Chapter 13 Trustee*
>
> Brian C. Behr
> *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: August 6, 2026

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
   EUDORA F. S. ARTHUR
   NC State Bar Number 59854
   555 Fayetteville St., Suite 1100
   Raleigh, NC 27601
   Telephone: (919) 755-2178
   dorie.arthur@wbd-us.com

   *Attorneys for AmeriCredit Financial Services, Inc.*
   *d/b/a GM Financial*

# EXHIBIT "A"



**Contract Date:** 2022-01-04
**Application Number:**

## PROMISSORY NOTE AND SECURITY AGREEMENT ("Promissory Note")
### (with Arbitration)

| Name & Address of Borrower(s): | Name & Address of Lender: |
|---|---|
| KAREN LITTLE BENNETT<br><br>408 STALLINGS MILL LOOP<br>CLAYTON NC 27520 | Mode by GM Financial<br>4100 Embarcadero Drive<br>Arlington, TX 76014<br>(833) 616-6633 |
| (Referred to herein as "I", "me", or "my") | (Referred to herein as "you" or "your") |

I promise to pay you, or your assignees, the principal sum of $ 26644.92 plus interest at the rate of 11.19 % per year from the date of this Promissory Note on the unpaid principal balance in installments as shown below until fully paid. The final payment shall include all unpaid principal, interest and any other fees and charges under this Promissory Note.

I am giving you a security interest in the following vehicle ("Vehicle") that is being purchased with this loan or that was purchased with the extension of credit this loan is refinancing:

| New or Used | Vehicle Year | Vehicle Make | Vehicle Model | Vehicle Identification Number |
|---|---|---|---|---|
| USED | 2021 | NISSAN | KICKS | 3N1CP5CV2ML471740 |

## DISCLOSURES PURSUANT TO THE TRUTH-IN-LENDING ACT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of my credit as a yearly rate. | The dollar amount the credit will cost me. | The amount of credit provided to me or on my behalf. | The amount I will have paid after I have made all payments as scheduled. |
| 11.19 % | $ 10513.83 | $ 26644.92 | $ 37158.75 |

**Payment Schedule:** My payment schedule will be:

| Number of Payments | Amount of Each Payment | When Payments are Due |
|---|---|---|
| 75 | $ 495.45 | Monthly beginning on 2022-02-03 |

**Late Charge:** I agree to pay a late charge on the portion of any payment not paid within 15 days after it is due equal to 4% of the unpaid amount.

**Security:** I grant you a security interest in the Vehicle.

**Prepayment:** If I prepay all or any part of my debt early, I will not have to pay a penalty.

**Other Terms:** I acknowledge that I should read the remainder of this Promissory Note (my contract document) for any additional information about nonpayments, default, and your right to require repayment before the scheduled date, and prepayment penalties.

All numerical disclosures except the late payment disclosure are estimates.

**VOLUNTARY DEBT PROTECTION COVERAGE (GAP) DISCLOSURE AND AUTHORIZATION**
**Voluntary debt protection coverage ("GAP") is not required in order to obtain this loan, and my election to purchase or not purchase GAP will not affect the terms of my loan.** I may obtain optional GAP from a person of my choice that is authorized to sell such coverage and is acceptable to you. GAP will not be provided under this Agreement unless I sign for it below and agree to pay the additional cost shown below and in the ITEMIZATION OF AMOUNT FINANCED. The GAP contract issued by the provider of the coverage will describe the terms and conditions of coverage in further detail.

Name of GAP Coverage Provider: AAGI

Premium: $ 662.00

Terms (in months, if other than term of the loan): NA

By signing below, I voluntarily acknowledge my desire to purchase the GAP coverage described above.

| *Karen Little-Bennett* | 2022-01-04 | | |
|---|---|---|---|
| Borrower | Date | Borrower | Date |

## ITEMIZATION OF AMOUNT FINANCED

Itemization of the Amount Financed of   $ 26644.92

$ NA         Amount given to me directly or paid to NA       for Vehicle purchase.

Amount paid to others on my behalf (you may receive or retain a portion of these charges except for those paid to public officials):

$ 25961.42    to Consumer Portfolio Svcs INC       for payoff of Vehicle purchase extension of credit.

$ 21.5        to public officials           for recording your security interest.

$ 0.00       to government officials       for sales tax.

$ 0          to government officials       for license & registration fees.

$ 662.00     to AAGI              for GAP Coverage.

$ NA        to AAGI              for VSC Coverage.

$ _____ to _____ for _____.

$ 0          Total Other Charges

$ 26644.92    Amount Financed

**Acknowledgement:** By signing below I agree to be responsible for paying the loan in full. All of the provisions on all pages of this document are part of the Promissory Note, and I acknowledge that I have read all pages of the Promissory Note and agree to be bound by its terms, **including the Arbitration Provision on the last page.** For purposes of the following notice, "consumer" and "you" refer to the Borrower.

**NOTICE TO CONSUMER:**     **1. Do not sign this agreement before you read it or if it contains blank spaces.**

**2. You are entitled to an exact copy of this agreement you sign.**

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT**

*Karen Little-Bennett*             2022-01-04     _____

Borrower                         Date        Borrower                     Date

*Mode Form-OLNC REV: 07/21*           *(Promissory Note--Page 2 of 6)*

# PROMISSORY NOTE ADDITIONAL TERMS AND CONDITIONS

**Application Number:** 2000004340

**Promise to Pay:** This is a simple interest rate loan directly from **Mode ("Lender")** to **Borrower**. By signing this Promissory Note, I promise to pay you the principal amount of this loan disclosed as the Amount Financed above plus daily simple interest at the interest rate as provided in this Promissory Note and any other charges due or amounts advanced as provided in this Promissory Note. If more than one person signs this Promissory Note, we each understand and agree that we will each be individually and jointly liable to you for repayment. I understand that the Finance Charge, Total of Payments and Payment Schedule set forth in the Disclosures Pursuant to the Truth in Lending Act box may differ from the actual amount I pay if my payments are not received by you on their exact due dates, or if you advance amounts under this Promissory Note to fulfill any of my obligations thereunder.

**Prepayment:** I may prepay all or any portion of this Promissory Note at any time, without penalty. If I prepay in part, I am still required to make payments as scheduled.

**Security Interest:** I am giving you a security interest in the Vehicle. I am also giving you a security interest in any accessories, equipment and replacement parts installed in or attached to the Vehicle, in addition to any and all money or goods received for the Vehicle (proceeds). I agree that the security interest in the Vehicle covers any refunded insurance premiums and charges for service contracts or other optional products or services. The security interest also covers proceeds of any insurance policies, service contracts on the Vehicle, or other optional products and services relating to the Vehicle. All grants of security interest secure payment and performance of all obligations under this Promissory Note. All grants of security interest also secure any modifications, extensions, renewals, amendments, or refinancing of this Promissory Note. I agree to immediately cause you to be named and recorded as the only lienholder on the Vehicle (which shall include having a first priority security interest) by notation on the certificate of title or as otherwise accomplished under applicable law. In the event your interest as the only lienholder is not named and recorded, I further agree to cooperate with you so that you are named and recorded as the only lienholder (which shall include having a first priority security interest) as intended under this Promissory Note. I also agree to deliver, or cause to be delivered, to you the certificate of title promptly upon notation of your security interest (lien) on it. You may hold the certificate of title until all amounts owed under this Promissory Note have been paid.

**Insurance:** I agree to maintain comprehensive physical damage and collision insurance with maximum deductibles of $1000 on the Vehicle during the entire time that this loan is outstanding. **I may obtain such insurance from a person of my choice.** You may for reasonable cause related to the solvency of the insurer and the type and provisions of the insurance policy coverage, decline the insurance that I provide. I agree to have Lender named as lienholder and loss payee under any such insurance policy. I agree that you may receive any payment for loss or damage and that you may apply amounts you receive, at your option, to repair or replacement of the Vehicle or to what I owe under this Promissory Note, including indebtedness not yet due.

**Use of Proceeds:** I agree to use the proceeds of this loan only for the purchase of a new or used vehicle in the United States and/or to payoff or refinance an existing motor vehicle extension of credit. The use of proceeds may also include any tax, title, license, registration, lien filing fees, or other fees for ancillary products or services.

**Payment Schedule:** I agree to pay this loan according to the payment schedule shown above. All payments are due on the same date of the month as the first payment, or on the last day of any month that does not have a corresponding date. The payment schedule is based on the assumption that each payment is received on its due date. On the final payment due date, I will pay the outstanding balance of the principal amount and accrued but unpaid interest, and other charges, if any. If I pay late or incur other charges as permitted by (or you advance amounts under) this Promissory Note, I understand and agree that the final payment amount may be significantly higher than the estimate shown in the payment schedule above.

**No Prior Liens:** I agree to retain lawful ownership and possession of the Vehicle, and keep it free from all liens and encumbrances, except for your lien. I agree to warrant title to the Vehicle. This means that I am responsible for your expenses or losses if anyone other than you successfully claims an interest in part of or the entire Vehicle.

**Use of Vehicle:** I agree that I will be listed as the only owner on the Vehicle's certificate of title or other evidence of ownership of the Vehicle. I further agree to keep the Vehicle free of all liens and pay all taxes related to the Vehicle. I will not permit the Vehicle to be used improperly, illegally, or for lease or hire. I agree to use this Vehicle for personal, household and family use only. I agree not to sell, give-away, transfer, or remove the Vehicle from the United States without your prior written approval. I will notify you immediately if I change my permanent address or the address where the Vehicle is regularly located. I will not abandon the Vehicle.

**Default:** I will be in default if: (1) I fail to pay any regular monthly payment when it is due, (2) I make any materially false statements in connection with this loan, (3) I initiate or have initiated against me any bankruptcy or insolvency proceedings, (4) I fail to cause you

## PROMISSORY NOTE ADDITIONAL TERMS AND CONDITIONS *CONTINUED*

**Application Number:** 2000004340

to be named and recorded as sole lienholder (to include having a first priority security interest) on the Vehicle's certificate of title, or as otherwise accomplished under applicable law, so that your interest is legally recognized and cannot be avoided or set aside under federal or state law, (5) I fail to keep the Vehicle free from the claims of others, (6) I allow the Vehicle to be confiscated or impounded by any governmental authority, (7) I do not maintain the required insurance coverage, (8) any tax(es) and assessments on the Vehicle or its use are not paid promptly, (9) the Vehicle is damaged such that its value is diminished and permitted to remain damaged for more than 30 days, (10) your security interest in the Vehicle is not perfected or does not remain perfected for the term of this Promissory Note in each jurisdiction in which you require it to be perfected due to action or inaction on my part, (11) I interfere or otherwise fail to fully cooperate with you in completing and obtaining the perfection of any security interest, as you reasonably require, (12) I fail to permit inspection of the Vehicle, or (13) I breach any other obligation set forth in this Promissory Note.

**Remedies:** As permitted by applicable law, if I am in default, you may demand immediate payment of all amounts owed under this Promissory Note. Further, as permitted by applicable law, you may also repossess the Vehicle with the requisite legal notice. In addition, you may exercise any other legal or equitable remedy available under applicable law. If the Vehicle has an electronic tracking device, I agree that you may use the device to find the Vehicle. If I fail to redeem the Vehicle after repossession, you may sell the Vehicle at a public or private sale. Sale proceeds, after deducting the costs of repossession, repair, storage and sale, to the extent permitted by applicable law, will be applied to the balance of my obligation. As permitted by applicable law, you may file suit for or otherwise pursue collection from me on any unpaid sums. If any funds remain after applying the net sale proceeds to my obligation, such funds shall be refunded to me unless you are required by law to pay them to someone else. In the event of repossession, sale or legal action, I agree to pay any third-party costs of collection to the extent permitted by applicable law. You agree to provide all notices required by applicable law. If any of my personal items are in the Vehicle when you take possession, you will store them only as required by applicable law. Applicable law may or may not provide for a period of time for my items to be held. If I do not ask for these items back within the legally required time period, you may dispose of them as permitted by such applicable law.

**Collection Costs:** If this Promissory Note is referred to an attorney for collection, I will pay attorney fees in the amount of 15% of the principal and interest owing on this Promissory Note at the time suit is instituted to collect the amount due hereunder, plus court costs assessed. I also will pay third party fees incurred for reasonable collection efforts to the extent allowed by applicable law.

**Returned Check Fee:** I agree to pay a processing fee of $25, if any check I give you is refused because of insufficient funds or because I did not have an account at the payor bank.

**Waiver:** I expressly waive presentment for payment, demand, notice of dishonor, protest, notice of protest, notice of intent to accelerate, and notice of acceleration. You may delay or refrain from enforcing your rights under this Promissory Note without losing them. You may accept partial payments, late payments, irregular payments, or payments marked "paid in full" and you may apply any such payments to amounts owing under this Promissory Note without waiving your right to demand timely payment, full payment when due, or payment of all remaining payments due under the Promissory Note. I agree that no waiver by you of any default by me will operate as a waiver of any other default.

**Limited Power of Attorney:** I appoint you as my attorney-in-fact to handle issues that may arise with respect to the Vehicle as provided in this section of the Promissory Note, and as permitted by applicable law. You may initiate, settle, or release claims arising under my insurance that concerns physical damage to the Vehicle. You may also sign any proofs of claim or loss on my behalf. You may also receive and sign my name on any settlement, draft or check representing proceeds in which I have granted you a security interest. You may sign my name to any document necessary to perfect your lien to the Vehicle. You may also sign my name to any document to obtain an original, duplicate or other certificate of title to the Vehicle.

**GPS:** If the Vehicle is equipped with a device that provides GPS tracking, I expressly consent and agree that you or your agent may use the device to locate the Vehicle in the event that I do not make my required payments under this Promissory Note or I am otherwise in default, unless prohibited by applicable law.

**Monitoring, Recording, and Collection Calls:** I expressly consent and agree that you may use any telephone number or cellular phone number that I provide you to contact me concerning the servicing or collection of this Promissory Note, this loan, or my account with you. You may record the calls for monitoring purposes. The calls may feature an artificial or prerecorded message, they may be made using an automatic telephone dialing system, or they may be text messages, as applicable law allows. My consent covers any and all such calls.

**Risk of Loss:** At all times I will bear the risk of loss, damage to, or destruction of the Vehicle; and any such loss, damage or destruction will not release me from my obligations under this Promissory Note.

**My Duties Concerning the Vehicle:** I will keep the Vehicle in good condition and repair. I must pay when due any repair bills, storage bills, taxes, fines or other charges on the Vehicle. You may pay any of these bills, if I do not. If you do, I will repay to you the amount of such bills on demand, with interest at the interest rate shown in this Promissory Note or at such lesser rate as may be required by applicable law.

**Miscellaneous:** Your rights under this Promissory Note inure to the benefit of your successors and assigns, and my obligations under this Promissory Note are binding upon my heirs, personal representatives and permitted assigns.

**Entire Agreement:** This Promissory Note and Security Agreement contain the entire understanding between you and me regarding the loan made hereunder. Together, they supersede any and all prior negotiations, understandings and agreements relating to this loan. Any changes to either this Promissory Note or the Security Agreement must be in writing and signed by both parties. You may assign this Promissory Note and Security Agreement. I may not assign my obligations under this Promissory Note without your prior written approval.

**Governing Law:** I agree that this Promissory Note is governed by Federal law and (excluding the Arbitration Provision on the last page) the laws of the state of North Carolina. If any provision of this Promissory Note (excluding the Arbitration Provision on the last page)

**PROMISSORY NOTE ADDITIONAL TERMS AND CONDITIONS** *CONTINUED*

**Application Number:** 2000004340

shall be prohibited by or invalid under law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Promissory Note.

*Mode Form-OLNC REV: 07/21*

# PROMISSORY NOTE ADDITIONAL TERMS AND CONDITIONS *CONTINUED*
**Application Number:  2000004340**

## ARBITRATION PROVISION:

This Arbitration Provision sets forth the procedure for resolving disputes arising out of or relating to the relationship between you and me.

Any claim or dispute ("Claim") by you or me against the other, or against the employees, agents or assigns of the other, arising from or relating in any way to this Promissory Note or any prior Agreement or the account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration Provision or the validity of the entire Promissory Note or any prior Agreement, shall, at your or my election, be resolved by binding arbitration.  The term "claim" shall have the broadest possible interpretation.

The arbitration shall be conducted by the American Arbitration Association (AAA), www.adr.org, any other nationally-recognized arbitration organization or other arbitration organization of my choice, subject to your approval.  At my written request, or if the rules of the chosen arbitration organization or other applicable law require it, you will advance any arbitration filing, administrative, and hearing fees that I am required to pay to pursue a Claim in arbitration. The arbitrator will decide who will be ultimately responsible for paying those fees. In no event will I be required to reimburse you for any arbitration filing, administrative, or hearing fees in an amount greater than what my court costs would have been if the Claim had been resolved in a state court with jurisdiction.  You also agree to pay any arbitration costs and fees that the arbitrator determines that you must pay in order to ensure that this arbitration clause is enforceable.

Any arbitration hearing at which I appear will take place within the federal judicial district where I reside at the time the Claim is filed, or at another location required by law or agreed to by the parties.  The Promissory Note and this agreement to arbitrate are made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA").

You and I retain the right to seek individual relief in small claims court so long as the claim is only in that court and is within that court's jurisdiction. Filing or pursuing a claim in small claims court does not waive any right to seek arbitration for claims outside the court's jurisdiction or if the claim is transferred, removed, or appealed to a different court.

Judgment upon any arbitration award may be entered in any court having jurisdiction. The arbitrator shall follow existing substantive law to the extent consistent with the FAA and applicable statutes of limitation and shall honor any claims or privilege recognized by applicable law. If any party requests, the arbitrator shall write an opinion containing the reasons for the award. No Claim submitted to arbitration is heard by a jury and no Claim may be brought as a class action or as a "private attorney general" action. The right to appeal is limited as allowed under the FAA.

**I agree that I do not have the right to act as a class representative or participate as a member of a class of claimants with respect to any Claim. This is called a "Class Action Waiver."**

This Arbitration Provision applies to all Claims now in existence or that may arise in the future.  This Arbitration Provision shall survive any voluntary payment of the debt in full by me, any bankruptcy by me or sale of the debt by you.

If any part of this Arbitration Provision, other than the Class Action Waiver, is found by a court or arbitrator to be unenforceable, the remainder is enforceable. If the Class Action Waiver is found by a court or arbitrator to be unenforceable, the remainder of this Arbitration Provision is unenforceable.

<u>Opt Out</u>:  I may opt out of arbitration by sending you written notice of my opt out.  I must include my name, a description of the 3N1CP5CV2ML471740        , and a statement that I want to opt out of arbitration.  I must mail the notice to you at 4100 Embarcadero Drive, Arlington, TX 76014.  The opt out notice must be postmarked within 20 days of the date of the Promissory Note.  My right to opt out of arbitration end on the 21st day after the date I signed the Promissory Note.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF.  RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

# EXHIBIT "B"

# STATE OF NORTH CAROLINA

MVR-191 (Rev. 06/2022)

## CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| 3N1CP5CV?ML471740 | 2021 | NISS | 4S |

| TITLE NUMBER | TITLE ISSUE DATE | PREVIOUS TITLE NUMBER |
|---|---|---|
| | 10/11/2025 | 778827220222947 |

**MAIL TO**
GM FINANCIAL
PO BOX 1510
COCKEYSVILLE   MD   21030-7510

| ODOMETER READING |
|---|
| 000005 |
| ODOMETER STATUS |
| |
| TITLE BRANDS |

OWNER(S) NAME AND ADDRESS

KAREN L LITTLE BENNETT
1027 HORSETRAIL WAY
WAKE FOREST   NC   27587-4612

The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application, the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated at the date of issuance of this certificate.

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date.

*Burnel Tine*

COMMISSIONER OF MOTOR VEHICLES

| FIRST LIENHOLDER | DATE OF LIEN | 02/24/2022 |
|---|---|---|
| GM FINANCIAL | | |
| PO BOX 1510 | | |
| COCKEYSVILLE   MD   21030-7510 | | |

LIEN RELEASED BY
SIGNATURE ........................................
TITLE .................... DATE ..............

| SECOND LIENHOLDER | DATE OF LIEN |
|---|---|

LIEN RELEASED BY
SIGNATURE ........................................
TITLE .................... DATE ..............

| THIRD LIENHOLDER | DATE OF LIEN |
|---|---|

LIEN RELEASED BY
SIGNATURE ........................................
TITLE .................... DATE ..............

| FOURTH LIENHOLDER | DATE OF LIEN |
|---|---|

LIEN RELEASED BY
SIGNATURE ........................................
TITLE .................... DATE ..............

ADDITIONAL LIENS

07579791

035  T1C0356

## ANY ALTERATIONS OR ERASURES VOID TITLE

MVR - 191 (Reverse)
**Federal and State law** requires that you state the ...
form may result in fines and or imprisonment

**A**               FIRST RE-ASSIGNMENT OF TITLE BY REGISTERED CO

The undersigned hereby certifies that the vehicle described in the title has been ...

**Name of Buyer:**_____

**Address of Buyer** _____

I seller certify to the best of my knowledge that the odometer reading is the
actual mileage of the vehicle unless one of the following statements is checked

☐ 1. The mileage stated is in excess of its
mechanical limits

**ODOMETER READING**
**(NO TENTHS)**

☐ The odometer reading is not the actual
mileage

**WARNING - ODOMETER DISCREPANCY**

To my knowledge the vehicle described herein

Yes ☐  No ☐  Has been involved in a collision or other occurrence to
the extent that the cost to repair exceed ...
fair market value

Yes ☐  No ☐  Has been a flood vehicle

Yes ☐  No ☐  Has been a reconstructed or a salvage vehicle

**Date vehicle delivered to purchaser**_____

**B**               PURCHASER'S APPLICATION FOR NEW CERTIFICATE

The undersigned purchaser of the vehicle described on the face of this certificate ...
hereby and does other and that the information contained herein is true and accurate

**CHECK Appropriate Block/s** (Application cannot be processed if not)

☐ Title Only - Vehicle Not in Operation      ☐

☐ Title and License Plate
Class of License_____

☐ Inoperable Vehicle - Vehicle substantially disassembled and unfit
or unsafe to be operated on the highway

**I certify that all the above information is correct**

**OWNER(S)**

Owner 1 DL #_____

Owner 2 DL #_____

**Joint applicants request this title to be issued with Joint Tenants with Rgh**

Residence Address _____

Mailing Address
(If Different From Above) _____

Vehicle Location Address
(If Different from Residence Address Above) _____

**FIRST LIEN**                         **SECOND LIEN**

Date
of Lien_____

Lienholder
Name_____

Address_____

City _____

I certify for the motor vehicle described herein that I have financial responsibility

Insurance Company
Authorized in NC _____

Signature of Owner(s)_____

Odometer Reading

Date_____

I certify that the following person(s) personally appeared before me this date indicated

indicated _____

Notary Public Signature_____

Notary's Printed or Typed Name_____

My Commission expires_____

NOTE RETAIL PURCHASER MUST APPLY FOR
ERASURES WILL VOID THIS TITLE

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

In re:

Karen L Little-Bennett,
Debtor(s).

Chapter 13
Bky. No. 25-03995-JNC-13

**STATE OF TEXAS** )

) ss.

**COUNTY OF TARRANT** )

**AFFIDAVIT**

I, Brenda Johnson, a bankruptcy specialist of AmeriCredit Financial Services, Inc. dba GM Financial, declare under penalty of perjury that I have personal knowledge of the information set forth below, which is true and correct to the best of my knowledge, information and belief:

1.    This affidavit is based on the loan payment records of AmeriCredit Financial Services, Inc. dba GM Financial  These records are regularly maintained in the course of business and it is the regular practice to make and maintain these records.  These records reflect the loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information.  I maintain these records and regularly use and rely upon them in the performance of my duties.

2.    AmeriCredit Financial Services, Inc. dba GM Financial has a valid, perfected security interest in the following (the "Collateral"):

2021 NISSAN KICKS serial number 3N1CP5CV2ML471740.

3.    $19,647.41   is the outstanding balance under the contract.

4.    $5,950.00   is the amount of the existing delinquency under the contract.

5.    $13,700.00   is the fair market value of the Collateral.

6.    No   Appropriate insurance has been verified.

7.    n/a   is the payment default under the Chapter 13 Plan.

Further your affiant sayeth not.

Dated:    7/30/2026

Brenda Johnson
Bankruptcy Specialist
AmeriCredit Financial Services, Inc. dba GM Financial

Subscribed and sworn to before me on July 30, 2026

_____
Notary

xxxxx64706 / 159592 / 1121386



JODI LOYD
Notary Public
STATE OF TEXAS
Notary ID # 13309770-8
My Comm. Exp. May 10, 2029

# EXHIBIT "D"

**JD POWER**

**JD Power Used Cars/Trucks**

## Vehicle Information

| | |
|---|---|
| **Vehicle:** | 2021 Nissan Kicks Utility 4D SV 1.6L I4 |
| **Region:** | Southeastern |
| **Period:** | July 30, 2026 |
| **VIN:** | 3N1CP5CV2ML471740 |
| **Mileage:** | 72,500 |
| **Base MSRP:** | $21,450 |
| **Typically Equipped MSRP:** | $22,745 |

## JD Power Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly Used** | | | | |
| Rough Trade-In | $8,800 | N/A | N/A | **$8,800** |
| Average Trade-In | $9,875 | N/A | N/A | **$9,875** |
| Clean Trade-In | $10,725 | N/A | N/A | **$10,725** |
| | | | | |
| Clean Loan | $9,675 | N/A | N/A | **$9,675** |
| Clean Retail | $13,250 | N/A | N/A | **$13,250** |

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Aluminum/Alloy Wheels | w/body | w/body |

JD Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2026 JD Power

# EXHIBIT "E"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

```
----------------------------------------------------------- x
In re:                                        :
                                              :      Chapter 13
KAREN L LITTLE-BENNETT,                        :
                                              :      Case No.: 25-03995-5-JNC
                                   Debtor.    :
                                              :
----------------------------------------------------------- x
```

### ORDER GRANTING MOTION
### FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of AmeriCredit Financial Services, Inc. d/b/a GM Financial's Motion for Relief from Automatic Stay (the "Motion") and any objection to the Motion; and after due deliberation thereon; and good cause having been shown and found; it is, by the United States Bankruptcy Court for the Eastern District of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 is hereby terminated to permit AmeriCredit Financial Services, Inc. d/b/a GM Financial to exercise its rights and remedies under applicable non-bankruptcy law under the Promissory Note executed by Debtor in favor of AmeriCredit Financial Services, Inc. d/b/a GM Financial in the principal amount of $26,644.92

for the financed purchase of one (1) 2021 Nissan Kicks, VIN No. 3N1CP5CV2ML471740 (the "Vehicle") and in accordance with applicable state law; and it is further

**ORDERED**, that AmeriCredit Financial Services, Inc. d/b/a GM Financial is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing AmeriCredit Financial Services, Inc. d/b/a GM Financial, including principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

**ORDERED**, that upon disposition of the Vehicle, AmeriCredit Financial Services, Inc. d/b/a GM Financial must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution; and it is further

**ORDERED**, that AmeriCredit Financial Services, Inc. d/b/a GM Financial has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT